## S. R. Fullerton and Bettie H. Fullerton, Appellants, *v.* Geo. L. Peabody.

*Practice, equity—Appeals—Court interprets its own decree.*

The refusal of the court below to issue an attachment for contempt in a matter of alleged disobedience to its decree, is tantamount to a declaration that no such disobedience exists. The court below is the interpreter of its own decree, and from its action in determining what is or is not included in its decree no appeal lies.

*Equity rules—Testimony taken to advise court.*

The equity rules of the Supreme Court do not apply to examinations on motions for attachment for contempt where the court below takes testimony solely for the purpose of enabling it to determine whether or not its decree has been obeyed.

Argued April 14, 1896. Appeal, No. 18, April T., 1896, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1894, No. 823, refusing motion for attachment for contempt. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Motion to have attachment issued against defendant to compel him to comply with decree of court.

The facts are stated by the Superior Court as follows:

A bill in equity was filed in the court below asking for an injunction to restrain the defendant from occupying by his buildings, etc., a certain street in the city of Pittsburg. An answer was filed by the defendant. When the cause came to be heard a decree was entered by the court below compelling the defendant to remove all obstructions from the street. This decree was entered without opposition from the defendant. After the entry of the decree the defendant removed all obstructions from the street except a switch leading from the Penna. Railroad to the defendant's land. An attachment for contempt

of court was then asked for by the plaintiff because the defendant had not removed the switch.   The defendant filed an answer to this petition in which he claimed that the switch was not upon the street but was upon the land owned by the Penna. Railroad Company.   An examiner was appointed to take testimony and after argument the court below dismissed the motion, from which action this appeal is taken.

*Errors assigned* were, (1) dismissing plaintiff's petition without giving any reason therefor, which order was, " On July 6, 1895, on argument list.   Motion refused."   (2) Refusing attachment, as prayed for.

*J. G. White*, for appellant.—The equity rules require : " That the findings of the judge, both of law and fact, shall be filed by the prothonotary and become part of the record of the court in said case."   It will not be claimed that the foregoing requirements have been complied with in this case.   The amended equity rules went into effect on the first Monday of March, 1894, and were prescribed by our Supreme Court under legislative authority, and have the effect of positive law.   Justice FELL says (Cassiday v. Knapp, 167 Pa. 307) : " All proceedings in equity not in accordance with them are irregular and void." The identical question here raised is decided in the case of Fitzsimmons v. Robb, 173 Pa. 645.

*William Scott* of *Dalzell, Scott & Gordon*, for appellee.—It is of course settled that the Supreme Court under its broad supervisory powers has jurisdiction to review a proceeding for contempt in common pleas : Hummel & Bishoff's Case, 9 Watts, 430 ; Com. v. Newton, 1 Grant, 453 ; Com. v. Perkins, 124 Pa. 36.

" It must affirmatively appear from the record that the amount involved is not greater than $1,000, or a certificate to that effect must be filed by the judge whose action, order or decree is appealed from, in order to give this court jurisdiction : " In re Misselwitz, 1 Pa. Super. Ct. 221.

In any case, whether a contempt of court has been committed and how it shall be treated are questions for the discretion and judgment of that court, and its decision will be interfered with

only when there is a flagrant abuse of discretion: Rapalje on Contempt, p. 11, sec. 9; Cabot v. Yarborough, 27 Ga. 476; Howard v. Durand, 36 Ga. 346; West v. Wisconsin, 1 Wis. 209; 3 Am. & Eng. Ency. of Law, 802.

OPINION BY REEDER, J., July 16, 1896 (after finding the facts as set out in the above statement of facts).

We do not think the appeal is well taken. The refusal of the court to issue the attachment is tantamount to a declaration that the switch is not within the terms of its decree. The court below is the interpreter of its own decree and from its action its determination what is or is not included in its decree cannot be appealed from. The decree itself as entered and afterwards interpreted by the court can be appealed from, but the act of interpretation itself alone cannot be. We are also of the opinion that the equity rules of the Supreme Court do not apply to examinations of this character where the court below takes testimony solely for the purpose of enabling it to determine whether or not its decree has been obeyed. We are of the opinion therefore that this appeal is erroneously taken and should be dismissed.

Even were this not so and should we consider the case as if the appeal had been taken from the decree we would have to affirm the court below for the reason that there is sufficient evidence to justify the court below in finding the fact that the switch is upon the line of the Penna. Railroad Company. Upon which finding of fact the order dismissing plaintiff's motion for an attachment is manifestly based.

Decree affirmed and appeal dismissed, the costs to be paid by the appellant.